**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:08-CR-8 |
| | ) | 2:12-CV-338 |
| LARRY COLLINS a/k/a "Kid," | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Defendant, Larry Collins, on August 23, 2012. For the reasons set forth below, this motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** the civil action **WITH PREJUDICE**. Additionally, the Court **DECLINES** to issue a certificate of appealability.


BACKGROUND

On January 16, 2008, Defendant, Larry Collins ("Collins"), was indicted on one count of distributing cocaine, in violation of Title 21, U.S.C. section 841(a)(1). On April 9, 2008, Collins entered into a written plea agreement with the Government, whereby Collins agreed to plead guilty to distributing cocaine. (DE# 15).

The plea agreement informed Collins that, based on the charged offense, he faced a maximum term of imprisonment of twenty years. (DE# 15, ¶ 7(b). In the plea agreement, Collins agreed to waive his right to appeal the conviction and sentenced imposed, including the right to contest any claim of ineffective assistance of counsel unless the claimed ineffective assistance related directly to the waiver or its negotiation. In exchange, the Government agreed to make a non-binding recommendation to the Court that Collins receive a reduction of his base offense level for acceptance of responsibility and also recommended the Court impose a sentence equal to the minimum of the applicable sentencing guideline range. The agreement further stated that, "[i]n the event that the defendant qualifies for enhanced penalties, due to prior narcotics convictions, the government agrees not to seek these enhanced penalties." (DE# 15, ¶ 7(h)).

A change of plea hearing took place on November 13, 2008. During that hearing, Collins was placed under oath, and he confirmed that he was satisfied with the representation he had received by Attorney Psimos. (Nov. 13, 2008 Hearing Tr., pp. 4-5). Collins acknowledged that he wanted to plead guilty to distributing cocaine. (Nov. 13, 2008 Hearing Tr., p. 7). Collins understood that, under the terms of the plea agreement, he was facing a potential maximum term of imprisonment of twenty (20) years. (Nov. 13, 2008 Hearing Tr., p. 8). Collins was informed of the plea

agreement's appeal waiver that, "if you receive a sentence within the statutory maximum penalties . . . you have agreed to waive, and what I mean by that, you have agreed to give up your right to appeal or to collaterally attack your conviction and sentence." (Nov. 13, 2008 Hearing Tr., pp. 11-12). Collins was further told, "your right to appeal or to collaterally attack your conviction and sentence is a very important right. And once you waive that right, with very few exceptions, you're stuck with the sentence you receive from this Court, like it or not, sir, with few exceptions, you have to live with it; do you understand that?" (Nov. 13, 2008 Hearing Tr., p. 12). Collins answered, "Yes, sir. Yes, sir." (Nov. 13, 2008 Hearing Tr., pp. 12).

The Court then discussed paragraph 7(h) and said, "[n]ow, as I understand it, the government has also agreed with you that if because of some prior narcotics convictions that you may have which would qualify you for an enhanced penalty, the government is agreeing with you not to seek those enhanced penalties; is that also true?" (Nov. 13, 2008 Hearing Tr., p. 16). Collins replied, "Yes, sir." (Nov. 13, 2008 Hearing Tr., p. 16). The Court ultimately accepted the plea agreement. (Nov. 13, 2008 Hearing Tr., p. 29).

A sentencing hearing took place on December 3, 2009. The presentence investigation report revealed Collins was career offender pursuant to section 4B1.1 of the United States Sentencing

Guidelines. Collins' attorney objected to that finding, arguing it ran afoul of paragraph 7(h). In response, the Government noted that paragraph 7(h) was meant to indicate that the Government was not going to file a notice of seeking enhanced penalties under section 851, which would have increased Collins' possible maximum term of imprisonment. At the sentencing hearing, Defendant withdrew his objection to the career offender finding and the Government filed a motion under 5K1.1 of the United States Sentencing Guidelines, reducing the minimum term of imprisonment under the guidelines from 151 months to 120 months. Ultimately, Collins was sentenced to a 120 month term of imprisonment.

Collins appealed to the Seventh Circuit Court of Appeals, but that appeal was dismissed. He has now filed the instant motion, based on his belief that paragraph 7(h) of the plea agreement was breached by the Government based on the career offender finding. Specifically, Collins argues that his counsel at sentencing provided ineffective assistance by waiving his objection to the career offender finding. And, further, he argues that the Government breached the plea agreement, thus violating his Fifth Amendment due process rights.


DISCUSSION

Section 2255 Motion

Habeas corpus relief under 28 U.S.C. section 2255 is reserved

-4-

for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus motion pursuant to 28 U.S.C. section 2255, a federal prisoner "must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.*

In assessing Collins' motion, the Court is mindful of the well-settled principle that, when interpreting a *pro se* petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "[*p*]ro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("*pro se* habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> the mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.*

Preclusive Effect of Plea Agreement Waiver

Collins' plea agreement contains an appeal waiver, in which Collins has agreed to waive appeal of his conviction and sentence. A "[w]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Sumner*, 265 F.3d 532, 537 (7th Cir. 2001). The Seventh Circuit has consistently stated that valid appellate waivers are to be upheld. *United States v. Woolley*, 123 F.3d 627, 631 (7th Cir. 1997). "For an appeal waiver to be valid, it must be express and unambiguous, and the record must clearly demonstrate that it was made knowingly and voluntarily." *Id.* at 632 (citations and internal quotation marks omitted). When deciding the validity of an appeal waiver, courts may look to the language of the plea agreement as well as the colloquy at the plea hearing. *Id.* See also *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) ("Most waivers are effective when set out in writing and signed.").

Specifically with regard to a section 2255 motion, the Seventh

Circuit has held that a waiver to file such motion contained in a plea agreement is enforceable if the waiver itself is: (1) knowing and voluntary; and (2) if the defendant cannot establish a claim for ineffective assistance of counsel in connection with negotiating the agreement. *Mason v. United States*, 211 F.3d 1065, 1068-69 (7th Cir. 2000); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999). As such, it must be determined if Collins waived his rights knowingly and voluntarily and whether he has established a claim for ineffective assistance of counsel in connection with negotiating the agreement.

### Collins Entered Into the Waiver Knowingly and Voluntarily

Courts enforce a plea agreement's waiver "if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007). Courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver. *United States v. Jemison*, 237 F.3d 911, 917–18 (7th Cir. 2001).

Collins' plea agreement contains the following waiver provision:

> I understand that the law gives a convicted
> person the right to appeal the conviction and
> the sentence imposed; I also understand that
> no one can predict the precise sentence that

will be imposed, and that the Court has
jurisdiction and authority to impose any
sentence within the statutory maximum set for
my offense(s) as set forth in this plea
agreement; with this understanding and in
consideration of the government's entry into
this plea agreement, I expressly waive my
right to appeal or to contest my conviction
and my sentence imposed or the manner in which
my conviction or my sentence was determined or
imposed, to any Court on any ground, including
any claim of ineffective assistance of counsel
unless the claimed ineffective assistance of
counsel relates directly to this waiver or its
negotiation, including any appeal under Title
18, United States Code, Section 3742 or any
post-conviction proceeding, including but not
limited to, a proceeding under Title 28,
United States Code, Section 2255.

Collins and his lawyer both signed the plea agreement, and it is
undisputed that the waiver itself is clear and unambiguous. During
the change of plea hearing, Collins agreed under oath that he had
previously read and discussed the waiver with his attorney, that he
understood it, and that he agreed with it. As noted in more detail
above, the Court explained the terms of the waiver in open court,
noting that, "once you waive that right [to appeal] with very few
exceptions, you're stuck with the sentence you receive from this
Court, like it or not . . ." and Collins confirmed that he made the
decision to waive those rights knowingly and voluntarily and that
no one forced him to do so. He further indicated he had no
questions about the waiver.

Following the Court's careful explanation of the consequences
of pleading guilty, a factual basis was set forth for Collins'

guilty plea, he agreed with the prosecution version of the facts, and he pleaded guilty. The Court then found that the plea was entered knowingly and voluntarily and supported by an independent basis in fact containing each of the essential elements of the offense.

From this evidence, the Court is satisfied that the appeal waiver is enforceable. See *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001). Because Collins knowingly and voluntarily entered into the plea agreement, and because all of its provisions -- including the waivers -- were explained to him at the change of plea hearing without any requests for further clarification or disagreement, he is bound by it.

Collins Has Not Made a Valid
Claim of Ineffective Assistance of
Counsel in Connection with Negotiating the Agreement

Given this Court's finding that the waiver provision in his plea agreement is enforceable, Collins' section 2255 motion must fail unless he points directly to ineffective negotiation that would have rendered the entire plea agreement invalid or fundamentally unfair for the Court to enforce. Collins does not argue any ineffectiveness in negotiating the plea. Instead, he argues that his sentencing counsel was ineffective by waiving his objection to the career offender finding at sentencing, because it runs afoul of paragraph 7(h) of the plea agreement. He also argues

that the Government breached the plea agreement because the career offender status was imposed upon him. However, because the claims in Collins' section 2255 petition do not relate to his attorney's negotiation of the plea agreement, they are waived.[1]

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the

---

[1]Even though these claims are deemed waived, Collins should understand that they are without merit, too. Under the plea agreement, Collins was facing a twenty year maximum term of imprisonment. In paragraph 7(h), the Government agreed not to seek enhanced penalties based on prior narcotics convictions. Under Title 21, U.S.C. section 851, "no person who stands convicted of an offense . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless, before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon." If the Government would have provided notice under section 851 based upon Collins' prior narcotics convictions, Collins could have faced a longer possible maximum statutory sentence than 20 years. See 21 U.S.C. section 841(b). However, the Government did not seek that enhancement because of its agreement in paragraph 7(h). Again, the Court informed Collins that he may receive a sentence up to 20 years imprisonment without any enhancements. The imposed term of imprisonment was 10 year imprisonment, which is clearly within that 20 year range.

Not only did the Government uphold its end of the bargain by not seeking any statutory enhancements, but it didn't seek any sentencing guideline enhancements either. It was the probation office that brought the career offender enhancement to the Court's attention, not the Government. And, it was this Court that ultimately found Collins deserving of that enhancement. Thus, paragraph 7(h) was not violated by the Government and Collins' counsel cannot be deemed ineffective for withdrawing his objection based on paragraph 7(h).

Quite the contrary to Collins' belief that the Government's actions caused him to be imprisoned longer than contemplated in the plea agreement, the Government filed a 5K1.1 motion based upon Collins' assistance. This filing lowered the minimum of his guideline range from 151 months to 120 months. So, the only thing the Government sought was a reduction for Collins, not an enhancement. For these reasons, Collins' 2255 petition would fail on its merits.

applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (U.S. 2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Collins has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.


CONCLUSION

For the reasons set forth above, this motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** the civil action **WITH PREJUDICE**. Additionally, the Court **DECLINES** to issue a certificate of appealability.


DATED:  May 16, 2013                    /s/RUDY LOZANO, Judge
                                        **United States District Court**